**DISMISSED IN PART AND DENIED IN PART and Opinion Filed July 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00725-CV**

**IN RE BRADLEY B. MILLER, Relator**

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-02616-Y**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Breedlove
Opinion by Justice Goldstein

Before the Court is relator's July 25, 2023 petition for writ of mandamus. We recently issued an opinion dismissing in part and denying in part a nearly identical petition that relator filed with this Court. *See In re Miller*, No. 05-23-00668-CV, 2023 WL 4617043, at *1 (Tex. App.—Dallas July 19, 2023, orig. proceeding) (mem. op.).

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record

to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a).

To the extent relator complains about the district judge's June 8, 2023 order on relator's motion to compel discovery after de novo hearing, we deny the petition. Relator's petition does not comply with rule 52 because he neither provided a transcript of the May 31, 2023 hearing nor provided the alternative statement that no testimony was adduced at that hearing. *See* TEX. R. APP. P. 52.7(a)(2); *In re Stover*, 05-23-00511-CV, 2023 WL 3674599, at *1 (Tex. App.—Dallas May 26, 2023, orig. proceeding) (mem. op.). Additionally and alternatively, based on our review of relator's petition and the record before us, we conclude relator has failed to demonstrate a clear abuse of discretion. *See* TEX. R. APP. P. 52.8(a).

To the extent relator asks this Court to compel the trial court to provide a reporter's record, we conclude that relator did not satisfy his burden to provide a sufficient record and failed to provide any argument with appropriate citations to authorities and to the appendix or record to support the requested relief. *See* TEX. R. APP. P. 52.3(h), (k)(1)(A), 52.7(a)(1); *Walker*, 827 S.W.3d at 837. Accordingly, we deny this portion of relator's petition. *See* TEX. R. APP. P. 52.8(a).

To the extent relator asks for various declaratory and injunctive relief, we conclude that we lack jurisdiction and dismiss these portions of the petition. *See* TEX. GOV'T CODE ANN. § 22.221; *see, e.g., In re Day Inv. Grp., LLC*, No. 05-20-00643-CV, 2020 WL 5036145, at *1 (Tex. App.—Dallas July 2, 2020, orig. proceeding)

(mem. op.) (injunctive relief); *In re Martin*, No. 05-18-00542-CV, 2018 WL 2147949, at *1 (Tex. App.—Dallas May 10, 2018, orig. proceeding) (mem. op.) (declaratory relief).

To the extent relator complains about the associate judge's May 1, 2023 order, relator's complaints were rendered moot by the district judge's ruling following a de novo hearing. *See Vara v. Vara*, 645 S.W.3d 818, 823 (Tex. App.—El Paso 2022, pet. denied). We lack subject-matter jurisdiction over a dispute that has become moot. *See In re Johnson*, 599 S.W.3d 311, 311–12 (Tex. App.—Dallas 2020, orig. proceeding).

Additionally, based on our review, the appendix attached to relator's petition contains unredacted sensitive data, including a minor's name and home address, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9(a)(3), (b), (c). Accordingly, we strike the petition and its attached appendix.

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE

230725f.p05

–3–